# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO CHRISTIAN,** | : | **CIVIL NO. 3:18-CV-1363** |
| **Plaintiff,** | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARK GARMAN, et al.,** | : | |
| **Defendants.** | : | |

# MEMORANDUM ORDER

This is a civil action brought by a state inmate which has been removed by the defendants to federal court. Following the removal of this case to federal court, the plaintiff filed several motions, styled as motions for subpoenas, (Docs. 5, 9, and 10), which in fact simply placed the defendants on notice that the plaintiff was seeking preservation and production of certain of certain prison videos which allegedly depict the plaintiff's encounters with correctional staff at the dates and times set forth in the complaint.

Rulings regarding the proper scope of discovery are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.

1

Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

In the instant case, liberally construing the plaintiff's motions for subpoenas as requests for production, IT IS ORDERED that these motions (Docs.

2

5, 9, and 10), are GRANTED in part as follows: On or before **February 15, 2019**, the defendants shall respond to the plaintiff's request for production of these videos by either: (1) identifying any responsive videos in their possession, custody or control; (2) providing the plaintiff with an opportunity to review any responsive videotapes; (3) notifying the plaintiff if requested videos no longer exist; or (4) lodging any evidentiary objections to the production of these videos.

We further note that the discovery and dispositive motions deadlines previously set by the court (Doc. 7) have expired. Accordingly, in order to prescribe an orderly path for the completion of this litigation IT IS FURTHER ORDERED that the following deadlines, described in greater detail throughout this order will apply in this case. Motions to modify or extend the deadlines established here shall be made before expiration of the time limits has passed. **All requests for extensions of discovery deadlines must be made at least thirty (30) days prior to the expiration of the discovery period.** **Motions will be granted only on a showing of good cause**.

| | |
|---|---|
| Consent to Proceed Before U.S. Magistrate: | **April 15, 2019** |
| Close of Discovery: | **April 15, 2019** |
| Dispositive Motions and Supporting Briefs Due: | **April 15, 2019** |
| Local Rule 16.3 Conference and Exchange of | |

| | |
|---|---|
| Proposed Jury Instructions: On or before: | **To Be Determined By Trial Judge** |
| Motions In Limine Due: | **To Be Determined By Trial Judge** |
| Pretrial Memoranda Due: | **To Be Determined By Trial Judge** |
| Proposed Jury Charge, Proposed Voir Dire Questions, Objections to Proposed Jury Charge, and Trial Brief Due: | **To Be Determined By Trial Judge** |
| Trial: | **To Be Determined By Trial Judge** |

1. **Consent.** The parties may consent to have a magistrate judge conduct all proceedings. On or before **April 15, 2019** the parties, if there is consent of all, shall file a consent form, signed by all counsel and the plaintiff, consenting to proceed under 28 U.S.C. § 636 before a magistrate judge.

2. **Discovery Deadline**. All discovery shall be planned and commenced so as to be completed by **April 15, 2019**.

3. **Discovery Limitations.** In the absence of mutual consent to exceed these limits or a court order, the maximum number of interrogatories per side shall be twenty five (25); the maximum number of document production requests per side shall be twenty five (25); and the maximum number of requests for admissions per side shall be twenty-five (25).

**4. Discovery-Related Motions**. Any discovery-related motion shall be filed on or before **March 29, 2019**. Because the plaintiff is proceeding *pro se* and is in custody, compliance with Local Rule 26.3, Rules of Court, M.D. Pa., is not required in this case.

**5. Dispositive Motions.** Dispositive motions may be filed at any time but all dispositive motion must be filed, as well as the supporting briefs, on or before **April 15, 2019**.

Any requests to alter this schedule should be made by written motion.

So ordered this 15th day of January, 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge