# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO CHRISTIAN, | : | |
|     Plaintiff | : | |
| | : | No. 3:18-cv-1363 |
| v. | : | |
| | : | (Judge Rambo) |
| MARK GARMAN, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

This matter is before the Court pursuant to the supplemental motion for summary judgment filed by Defendants Mark Garman ("Garman"), Herbert Probst ("Probst"), Delbert Breese ("Breese"), and John McHenry ("McHenry"). (Doc. No. 29.) *Pro se* Plaintiff Julio Christian ("Plaintiff") filed his brief in opposition on December 23, 2019. (Doc. No. 34.) Defendants filed a reply brief on January 2, 2020. (Doc. No. 35.) Accordingly, the supplemental motion for summary judgment is ripe for disposition.

## I. BACKGROUND

Plaintiff, who is currently incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania ("SCI Rockview"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants in the Court of Common Pleas for Centre County, Pennsylvania, on April 18, 2018. (Doc. No. 2 at 4-5.) On April 24, 2018, that court dismissed the complaint, noting that it failed to set forth any facts or claims for relief. (Doc. No.

2-1.) Plaintiff subsequently requested leave to file an amended complaint. (Doc. No. 2-2.) On May 24, 2018, the Court of Common Pleas granted Plaintiff's request and directed him to file his amended complaint within twenty (20) days. (Doc. No. 2-3.)

Plaintiff filed his amended complaint on June 4, 2018. (Doc. No. 2-4.) In his amended complaint, Plaintiff alleges that on December 30, 2017, Defendants McHenry and Breese used excessive force against him, in violation of his Eighth Amendment rights, during a cell search. (*Id.*) He further maintains that: (1) Defendant McHenry violated his First Amendment right to access the courts by destroying certain legal documents; (2) Defendants McHenry and Breese violated his First Amendment rights by using excessive force in retaliation for Plaintiff's submission of grievances; (3) Defendant McHenry violated his Fourteenth Amendment due process rights and Eighth Amendment rights by issuing a false misconduct and placing him in pre-hearing segregation; (4) Defendants violated his Fourteenth Amendment right to equal protection; and (5) Defendants Probst and Garman failed to train and supervise their subordinates and also failed to protect him from Defendant McHenry and Breese's actions. (*Id.*)

Defendants removed the above-captioned action to this Court on July 10, 2018. (Doc. No. 1.) They filed an answer to the amended complaint on July 17,

2018. (Doc. No. 4.) Subsequently, Plaintiff filed three motions for an order to subpoena SCI Rockview for evidence. (Doc. Nos. 5, 9, 10.) In a Memorandum Order dated January 15, 2019, Magistrate Judge Carlson granted in part Plaintiff's motions and directed Defendants to respond to Plaintiff's request for production of video evidence by February 15, 2019. (Doc. No. 13.) Magistrate Judge Carlson also directed that discovery be completed and that dispositive motions be filed by April 15, 2019. (*Id.*)

Plaintiff subsequently filed notices that video evidence would not be necessary in this matter. (Doc. Nos. 14, 15.) Defendants filed their motion for summary judgment and supporting materials on April 15, 2019. (Doc. Nos. 18, 19, 20.) That same day, the Court received from Plaintiff a document titled "closing fact and final evidence which states a claim for which relief may be granted by non-moving party," to which Plaintiff attached several documents he refers to as affidavits. (Doc. No. 21.) On May 6, 2019, Plaintiff filed his brief in opposition to Defendants' motion for summary judgment. (Doc. No. 23.)

In a Memorandum and Order dated October 23, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. (Doc. Nos. 26, 27.) The Court granted Defendants' motion with respect to Plaintiff's claims regarding excessive force, placement in prehearing segregation, denial of access to

the courts, retaliation, equal protection violations, and failure to train, supervise, and protect. (*Id.*) The Court denied Defendants' motion without prejudice with respect to Plaintiff's procedural due process claim regarding an alleged false misconduct. (*Id.*) The Court granted Defendants leave to file a second motion for summary judgment addressing Plaintiff's procedural due process claim within thirty (30) days. (*Id.*) Defendants' supplemental motion for summary judgment has been filed in response to that Order.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict

4

for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element

of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White*, 826 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.* (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties. *See Sanders v. Beard*, No. 09-CV-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); *Thomas v. Norris*, No. 02-CV-01854, 2006 WL

6

2590488, at *4 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

## III. STATEMENT OF MATERIAL FACTS[1]

Approximately one (1) year before December of 2017, Plaintiff filed a grievance against Defendant McHenry.[2] (Doc. No. 31 ¶ 7.) On December 30, 2017, Defendants Breese and McHenry conducted a search of Plaintiff's cell. (*Id.* ¶ 1.)[3]

---

[1] The Local Rules of Court provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. *Id.* Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. *See id.*

Unless otherwise noted, the background herein is derived from Defendants' Rule 56.1 statement of material facts. (Doc. No. 31.) Plaintiff has filed a response to Defendants' statement of material facts in compliance with M.D. Pa. L.R. 56.1. (Doc. No. 34 at 1-2.) Accordingly, the Court sets forth the undisputed facts above with footnotes setting forth the parties' relevant factual disputes. As noted previously, the Court will not consider Plaintiff's amended complaint as evidence to rebut Defendants' motion for summary judgment because it states only that Plaintiff "declares under penalty of perjury" and does not indicate that the statements therein are true and correct. *See* 28 U.S.C. § 1746; *see also Liddick v. Tritt*, No. 1:14-cv-1813, 2017 WL 4211051, at *1 (M.D. Pa. Aug. 31, 2017) (concluding same). Moreover, while Plaintiff has submitted several "affidavits" with his oppositional brief, the first states only that Plaintiff "declares under penalty of perjury" and does not state that the statements contained therein are true and correct. The other "affidavits" state only that "the foregoing is true and correct" and are not signed under the penalty of perjury. Thus, the Court will not consider these "affidavits" as evidence to rebut Defendants' motion for summary judgment.

[2] Plaintiff asserts that he filed a grievance concerning Defendant Breese's misconduct, which caused Defendant Breese to be moved from first shift to third shift. (Doc. No. 34 at 1.)

[3] Plaintiff maintains that Defendants McHenry and Breese came to his cell to conduct a pat search and were not authorized to conduct a cell search. (*Id.*)

7

Afterwards, Defendant McHenry issued a misconduct report charging Plaintiff with refusing to obey an order and possession of contraband and requesting pre-hearing confinement.[4] (*Id.* ¶¶ 2-3.) Plaintiff's disciplinary hearing was held on January 3, 2018.[5] (*Id.* ¶ 4.) At the hearing, Plaintiff pled guilty to both charges and provided a written statement of his version of events. (*Id.* ¶ 5.) The hearing examiner dismissed the misconduct without prejudice and imposed no sanctions against Plaintiff. (*Id.* ¶ 6.) Defendant McHenry subsequently rewrote the misconduct report, and Plaintiff appeared before the hearing examiner for another disciplinary hearing on January 5, 2018. (Doc. No. 34 at 1, Doc. No. 34-1 at 25-26.) The hearing officer again dismissed the misconduct without prejudice. (Doc. No. 34-1 at 26.)

Defendant McHenry rewrote the misconduct report for a third time, and Plaintiff appeared before the hearing examiner on January 11, 2018. (Doc. No. 34 at 1, Doc. No. 34-1 at 28-29.) Plaintiff offered a written statement of his version of events. (Doc. No. 34-1 at 29.) The hearing examiner found Plaintiff guilty of failing to obey an order and imposed thirty (30) days of disciplinary custody as a sanction. (*Id.*) In making this determination, the hearing officer stated that she believed

---

[4] Plaintiff asserts that the misconduct report for failure to obey an order should not have been issued because no order was ever given. (*Id.*)

[5] Plaintiff maintains that he appeared for disciplinary hearings again on January 5 and 11, 2018. (*Id.*)

Defendant McHenry's report that Plaintiff refused to obey orders "to remain motionless with his hands on the light" and instead "threw pieces of paper into the toilet." (*Id.*) She noted that a "preponderance of evidence" existed to find Plaintiff guilty. (*Id.*) The hearing examiner dismissed the other misconduct charges. (*Id.*)

## IV. DISCUSSION

As noted above, the Court has construed Plaintiff's amended complaint to raise a Fourteenth Amendment due process claim alleging that Defendant McHenry brought false misconduct charges against him. The United States Court of Appeals for the Third Circuit has recognized that "[p]rison disciplinary proceedings may . . . constitute a denial of due process in the context of a civil rights action under § 1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002). Such a procedural due process claim requires threshold proof that the inmate was engaged in constitutionally protected conduct. *See id.* (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)); *see also Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2002). However, even if the discipline is initiated in retaliation for a protected act, due process is satisfied where the plaintiff has an opportunity to confront and challenge the retaliatory misconduct reports. *See Smith*, 293 F.3d at 653-54; *see also Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam)

9

("Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports."). Moreover, a retaliatory discipline claim fails when there is "some evidence" to support the determination. *See Nifas v. Beard*, 374 F. App'x 241, 244 (3d Cir. 2010) (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).

The record before the Court establishes that after the December 30, 2017 search of Plaintiff's cell, Defendant McHenry issued a misconduct report charging Plaintiff with refusing to obey an order and for possession of contraband. (Doc. No. 31 ¶ 3.) He appeared for disciplinary hearings on January 3, 5, and 11, 2018. (*Id.* ¶ 4; *see also* Doc. No. 34 at 1.) Plaintiff pled not guilty to the charges and provided a written statement of his version of events. (Doc. No. 31 ¶ 5.) Ultimately, after the third hearing, the hearing examiner found Plaintiff guilty of refusing to obey an order and imposed a sanction of thirty (30) days of disciplinary custody. (Doc. No. 34-1 at 29.) The other disciplinary charges were dismissed. (*Id.*) Thus, the record reflects that Plaintiff received several opportunities to challenge the misconduct report. *See Smith*, 293 F.3d at 653-54; *see also Thomas*, 467 F. App'x at 97. Moreover, as noted *supra*, Plaintiff has not provided any admissible evidence to support his statement that he could not have been found guilty of refusing to obey an order because no order was ever given. The fact that some evidence supported the hearing examiner's

finding essentially "checkmates [Plaintiff's retaliatory discipline] claim." *Romansky v. Stickman*, 147 F. App'x 310, 312 (3d Cir. 2005).[6] Accordingly, the Court will grant Defendants' supplemental motion for summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendants' supplemental motion for summary judgment (Doc. No. 29) will be granted. An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: January 27, 2020

---

[6] To the extent Plaintiff challenges his sanction of thirty (30) days' disciplinary custody, that sanction does not, on its own, violate any liberty interest protected by the Due Process Clause. *See Smith*, 293 F.3d at 654 (concluding same for seven (7) months of disciplinary confinement).